# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>  vs.<br><br>JERRY LEE ICENHOWER,<br><br>                         Defendant. | CASE NO. 09cr1514-IEG<br><br>Order of Restitution |

Defendant Jerry Lee Icenhower pled guilty on August 26, 2010, to count one of the superseding indictment which alleged concealment of assets in connection with a bankruptcy case in violation of 18 U.S.C. § 152(1). At the sentencing hearing on December 17, 2010, the Court found that Alejandro and Martha Diaz were victims for purposes of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The Court then set a restitution hearing for March 4, 2011. After hearing arguments at the restitution hearing, the Court permitted defense counsel the opportunity to file supplemental briefing on the question of restitution. The Court has received and reviewed defendant's supplemental briefing as well as the government's response and, based thereon, orders Defendant to pay restitution as set forth herein.

### *Background*

The parties are familiar with the facts and the Court will repeat them here only insofar as they are relevant to the issue of restitution. Defendant filed for Chapter 7 Bankruptcy on December 15, 2003, following entry of judgment against him in a civil suit disputing his

1  ownership rights in the Villa Vista Hermosa property ("Villa").  During the pendency of the civil
2  action, and prior to filing for bankruptcy protection, Defendant transferred the Villa property to a
3  Nevada shell corporation, H&G.  Defendant did not include the Villa property in his schedule of
4  assets filed in the bankruptcy court.  The bankruptcy court issued its order of discharge on June 7,
5  2004.  On September 8, 2004, Alejandro Diaz purchased the Villa from Defendant through H&G.
6  In February of 2005, the Bankruptcy Trustee discovered Defendant's sale of the Villa property to
7  Diaz and initiated proceedings to void the sale.  In June of 2006, Kismet purchased all assets of the
8  bankruptcy estate.  In June of 2008, the bankruptcy court voided Defendant's sale of the Villa to
9  Diaz and made Kismet the sole beneficiary of the bankruptcy estate.

10  Count one of the superseding indictment, to which Defendant pled guilty, alleges that
11  between March 4, 2002 and April 20, 2004, Defendant knowingly and fraudulently concealed
12  from the United States Bankruptcy Trustee his beneficial interest in the Villa property.  Count two
13  of the superseding indictment, which was dismissed, charges that Defendant knowingly and
14  fraudulently transferred and concealed his interest in the Villa property in contemplation of his
15  filing for bankruptcy protection.

### *Legal Standard*

17  The MVRA requires a court to order restitution to each victim of an offense as enumerated
18  therein, without regard for the defendant's economic circumstances.  United States v. Gordon, 393
19  F.3d 1044, 1048 (9th Cir. 2004).  Under the statute a "victim" is broadly defined as follows:

> A person directly and proximately harmed as a result of the commission of an
> offense for which restitution may be ordered including, in the case of an offense
> that involves as an element a scheme, conspiracy, or pattern of criminal activity,
> any person directly harmed by the defendant's criminal conduct in the course of the
> scheme, conspiracy, or pattern.

23  18 U.S.C. § 3663A(a)(2).[1]  "[T]he main inquiry for causation in restitution cases [is] whether there
24  was an intervening cause and, if so, whether this intervening cause was directly related to the

---

[1] As Defendant notes, 18 U.S.C. § 152(1) is not "an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity." United States v. Maturin, 488 F.3d 657, 661 (5th Cir. 2007).  Therefore, the amount of losses attributable to Defendant's conduct is somewhat more narrow than many of the conspiracy cases upon which the government relies. United States v. Brock-Davis, 504 F.3d 991, 998-99 (9th Cir. 2007) (explaining that the 1990 amendment to the MVRA broadened the scope of conduct for which restitution may be ordered where the loss was caused by an offense involving a scheme, conspiracy, or pattern of criminal activity."

1  offense conduct'." De la Fuente, 353 F.3d at 772 (quoting United States v. Meksian, 170 F.3d

2  1260, 1263 (9th Cir. 1999)).  Even where there are multiple links in the causal chain, restitution

3  may be ordered so long as the government demonstrates the defendant directly and proximately

4  caused the loss.  United States v. Peterson, 538 F.3d 1064, 1077 (9th Cir. 2008) (upholding district

5  court's restitution order to compensate the Department of Housing and Urban Development for

6  losses incurred for 43 Federal Housing Administration insured loans which were made based upon

7  fraudulent gift letters written by defendant).

## *Discussion*

9  The government argues Defendant's knowing and fraudulent concealment of his beneficial

10  interest in the Villa property "directly and proximately harmed" each of the victims for whom the

11  government seeks restitution.  The victims include Alejandro and Martha Diaz, Kismet

12  Acquisitions, and the creditors listed in Defendant's bankruptcy petition who did not submit

13  bankruptcy claims.

14  A.    *Determination of victims and amount of restitution*

15        1.    Alejandro and Martha Diaz

16  The government seeks restitution on behalf of Alejandro and Martha Diaz, who purchased

17  the Villa property from Defendant approximately three months after the Bankruptcy Court's order

18  of discharge.  Defendant argues the Diaz's are not entitled to restitution because their losses

19  resulted from the sale of the Villa property, which occurred after the dates set forth in the plea

20  agreement. In addition, Defendant argues his sale of the Villa property to the Diaz's falls in the

21  realm of real estate fraud, conduct for which he did not plead guilty.  The Court disagrees.

22  As the Court ruled at the time of the December 17, 2010 sentencing hearing, Defendant's

23  sale of the Villa Property to Alejandro and Martha Diaz is inseparable from the concealment

24  charge to which he pled guilty.  The Villa property was available for purchase by the Diaz's only

25  because Defendant knowingly and fraudulently concealed that asset from the bankruptcy court.

26  Defendant has identified no "intervening cause" or external factors which resulted in the Diaz's

27  losses.

28  Defendant cites several cases for the proposition the Court cannot order restitution for

1  losses which were suffered after the time period of the bankruptcy fraud (i.e. after April 20, 2004).
2  See United States v. Akande, 200 F.3d 136 (3d Cir. 1999) (where defendant pled guilty to
3  conspiracy to commit credit card fraud, district court erred in awarding restitution for two
4  instances of fraud predating the commencement of the conspiracy as alleged in the indictment);
5  United States v. DeSalvo, 41 F.3d 505 (9th Cir. 1994) (where defendant was found guilty of
6  conspiracy to defraud the United States and mail fraud based upon indictment which alleged
7  conduct involving only one provider and $68,384.36 in losses, district court erred in ordering
8  restitution in the amount of $970,166.75 to 19 Medicare providers outside the scope of the
9  indictment).  In those cases, however, the losses for which the district court ordered restitution
10 were not directly or proximately caused by the commission of the offense. Instead, the losses
11 stemmed from separate conduct occurring outside the time frame alleged in the indictment and
12 conviction.  Here, although the losses suffered by the Diaz's were "one step removed from the
13 offense conduct itself," those losses flowed directly from Defendant's failure to disclose the Villa
14 property to the Bankruptcy Court without any intervening cause.  De la Fuente, 353 F.3d at 772
15 (citing United States v. Gamma Tech. Indus., Inc., 265 F.3d 917, 928 (9th Cir. 2001)).  Therefore,
16 Alejandro and Martha Diaz are victims for purposes of the MVRA.
17     The government has presented evidence showing that Alejandro Diaz paid $811,204.33 for
18 the Villa property, and Martha Diaz paid $675,000 for the Villa property.  Defendant presents no
19 evidence disputing these amounts.  Thus, the Court orders Defendant to pay restitution to
20 Alejandro and Martha Diaz in the amount of $811,204.33 and $675,000, respectively.
21     2.    Kismet Acquisitions II, LLC
22     The government asks the Court to also order restitution in the amount of $1,385,950.65 as
23 to Kismet Acquisitions, the amount Kismet paid to purchase the entire bankruptcy estate.  The
24 government argues Kismet stands in the shoes of the creditors who did not receive a distribution
25 from the bankruptcy estate as a result of Defendant's fraud in concealing his ownership of the
26 Villa property.
27     As Defendant points out, however, Kismet now owns the Villa property through its
28 purchase of the bankruptcy estate.  The Bankruptcy Court voided Defendant's sale of the Villa

1  property to the Diaz's and made Kismet the sole beneficiary of the property.  Pursuant to 18

2  U.S.C. § 3663A(b)(1)(B), in calculating the amount of restitution to be ordered based upon a loss

3  of property, the Court must deduct the value of any part of the lost property which is subsequently

4  returned.  Here, Kismet has ownership of the Villa property, and the government has presented no

5  evidence regarding any actual loss.  Thus, the Court denies the government's request for restitution

6  as to Kismet.

7        3.    Other Creditors

8      Finally, the government asks the Court to order restitution as to the creditors Defendant

9  listed in his initial schedules who did not file formal claims. The government argues Defendant's

10  fraudulent undervaluation of his assets likely dissuaded these creditors, whose claims range from

11  $8,300 to $35, from submitting claims against the estate.  However, the government has submitted

12  no evidence that these creditors, in fact, were dissuaded from submitting claims as a result of

13  Defendant's concealment.  As a result, the losses are speculative and the Court denies the request

14  for restitution.

15  *B.*    *Restitution Schedule*

16      Upon consideration of the financial resources and other assets of the Defendant, his

17  projected earnings and other income, and his financial obligations, the Court believes the

18  appropriate monthly restitution amount is $400 per month, to be divided equally between

19  Alejandro and Martha Diaz.

20      *Conclusion*

21      For the reasons explained herein, the Court orders Defendant to pay restitution to Alejandro

22  Diaz in the amount of $811,204.33, and Martha Diaz in the amount of $675,000, at the rate of $400

23  per month to be divided equally between the two victims.  The Defendant shall forthwith notify the

24  Court and the government if there is any material change in his economic circumstances that might

25  affect his ability to pay restitution.

26  **IT IS SO ORDERED**.

27  **DATED: April 20, 2011**

28                                                               **IRMA E. GONZALEZ, Chief Judge**
                                                            **United States District Court**